IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL RAY GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:24-cv-00153-Z-BR |
| | § | |
| MATTHEW J. KACSMARYK, et al., | § | |
| | § | |
| Respondents. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION

Petitioner Daniel Ray Garcia ("Garcia") filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF 3). For the reasons stated below, the petition should be DISMISSED.

### I. BACKGROUND

Garcia, a federal pretrial detainee in the Randall County Detention Center, seeks relief from a claimed violation of his Sixth Amendment right to represent himself in his pending criminal case because, at the time this case was filed, the court in his criminal case had not yet granted his motion to proceed *pro se*. The Court concludes that Garcia has failed to exhaust the remedies available in his criminal case, and further that the relief requested herein is moot because he recently has been granted the right to proceed *pro se* in his criminal case. Therefore, this petition should be dismissed.[1]

### II. LEGAL ANALYSIS

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he or she is "in custody in

---

[1] Although Garcia did not pay the filing fee or file a motion to proceed *in forma pauperis*, it is more efficient dismiss the petition than to require compliance with the Court's filing requirements.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner bringing a § 2241 petition is limited to attacking "the manner in which a sentence is carried out or the prison authorities' determination of its duration…." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A federal prisoner filing a § 2241 petition "must first pursue all available administrative remedies." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012).

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

Pretrial habeas relief is available to a federal pretrial detainee only "in rare and exceptional cases." *Johnson v. Hoy,* 227 U.S. 245, 247 (1913) (citations omitted). It is well established that courts "should withhold relief . . . where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle,* 342 U.S. 1, 6–7 (1951) (citations omitted). Likewise, the United States Court of Appeals for the Fifth Circuit has adopted "'the settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert*, 251 F.2d 59 (5th Cir. 1957)). In *Bowler*, two federal pre-trial detainees filed a petition under § 2241 challenging their indictment after the district court denied their motion to dismiss it. *Bowler*, 1995 WL 449713, *1. The Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a direct appeal and concluded that the petitioners' arguments should be "presented and reached 'in

---

[2]Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by Section 2254.

the orderly administration of justice.'" *Id.* at *2; *see also Philip v. Cruz*, 3:11-CR-0361-L, 2012 WL 1413432, at *1–2 (N.D. Tex. Mar. 26, 2012), *R. & R. adopted*, 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012) (dismissing § 2241 detention and prosecution claims for failing to exhaust remedies available in the federal detainee's pending criminal case).

Here, as in *Bowler*, all claims raised by Garcia in his § 2241 petition can be (and were) pursued in his pending criminal action. Further, the relief requested by Garcia recently was granted in his criminal case. *See* Case No. 5:23-cr-100 at ECF No. 82. Accordingly, his habeas challenge should be dismissed as moot, and for failure to exhaust remedies in his criminal case.

### III. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that Petitioner Daniel Ray Garcia's petition for writ of habeas corpus under 28 U.S.C. § 2241 should be DISMISSED WITHOUT PREJUDICE as moot, and for failure to exhaust the remedies available in his pending criminal case.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 6, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).